UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

QUAHSYM PARKER,

                Petitioner,

       -against-

SUPERINTENDENT OF COXSACKIE
CORRECTIONAL FACILITY,

                Respondent.

**ORDER ADOPTING REPORT
AND RECOMMENDATION**

23-CV-05921 (PMH)

PHILIP M. HALPERN, United States District Judge:

Quahsym Parker ("Petitioner"), on July 10, 2023, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (the "Petition). (Doc. 1). The Court directed Petitioner to file an amended petition (Doc. 3), which he did on September 22, 2023 (the "Amended Petition") (Doc. 4; Doc. 4-1). Petitioner challenges his June 28, 2019 conviction in the County Court, Dutchess County, in which he pleaded guilty to Criminal Possession of a Weapon in the Second Degree (New York Penal Law § 265.03(3)), Operating a Motor Vehicle While Under the Influence of Alcohol (New York Vehicle and Traffic Law § 1192(3)), and Unlawful Possession of Marijuana (New York Penal Law § 221.05). (Doc. 4 at 4-5, 112).[1] Petitioner contends that his conviction violated his rights under the Fourth, Sixth, and Fourteenth Amendments of the United States Constitution. (*Id.* at 5-6).

The Honorable Judith C. McCarthy, on March 19, 2025, issued a Report and Recommendation recommending that the Amended Petition be dismissed as untimely. (Doc. 23, "Report"). Petitioner sought and obtained extensions to file objections to the Report. (Docs. 25, 26, 27, 28, 29). On August 28, 2025, Petitioner filed his objections to the Report. (Doc. 30, "Obj.").

---

[1] Citations to specific pages of filings on the docket correspond to the pagination generated by ECF.

On September 16, 2025, the Court directed Respondent to file a response to the Objections, which it did on September 23, 2025. (Doc. 32, "Resp."). Petitioner filed an unauthorized reply on October 28, 2025 (Doc. 34, "Reply").

For the reasons stated below, Petitioner's Objections to the Report are overruled and the Court adopts the well-reasoned and thorough Report in full.

## BACKGROUND

On May 24, 2019, Petitioner pled guilty to Criminal Possession of a Weapon in the Second Degree (New York Penal Law § 265.03(3)), Operating a Motor Vehicle While Under the Influence of Alcohol (New York Vehicle and Traffic Law § 1192(3)), and Unlawful Possession of Marijuana (New York Penal Law § 221.05), and was sentenced on June 28, 2019. (Doc. 12-2; Doc. 12-14; Doc. 12-15). Petitioner filed a direct appeal, *pro se*, on August 14, 2020. (Doc. 4 at 120-28; Doc. 12-16). The Appellate Division, Second Department, on August 25, 2021, affirmed the County Court's judgment and upheld Petitioner's conviction and sentence. (Doc. 4 at 170; Doc. 12-19). The Court of Appeals denied Petitioner's subsequent application for leave to appeal on November 22, 2021. (Doc. 12-22).

On September 9, 2021, Petitioner moved the County Court *pro se* under New York Criminal Procedure Law § 440.10 for an order to vacate his judgment of conviction. (Doc. 4 at 172-80; Doc. 12-23). On or about March 8, 2022, the County Court denied Petitioner's § 440.10 motion and on April 8, 2022, Petitioner sought leave to appeal that denial, *pro se*, which was subsequently denied on June 8, 2022. (Doc. 12-27; Doc. 4-1 at 63; Doc. 12-30).

On May 9, 2023, Petitioner wrote to "Any Available Justice" at this Court, requesting to toll the one-year limitations period for filing a writ of habeas corpus. (Doc. 4-1 at 77-79). The record does not indicate whether the Court ever responded to that letter; there was no existing

docket and no new case was opened at that time. The Petition followed two months later, on July 10, 2023.

## STANDARD OF REVIEW

"A district court reviewing a magistrate judge's report and recommendation 'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Antoine v. Warden*, No. 20-CV-05130, 2021 WL 4066654, at *1 (S.D.N.Y. Sept. 7, 2021) (quoting 28 U.S.C. § 636(b)(1)).[2] "The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record." *Olivo v. Graham*, No. 15-CV-09938, 2021 WL 3271833, at *1 (S.D.N.Y. July 30, 2021) (citing *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)). "[A]ny part of the magistrate judge's recommendation that has been properly objected to must be reviewed by the district judge de novo." *Nambiar v. The Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 358 (2d Cir. 2025) (quoting *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010)). An objection is "proper" if it is timely and specific. *Id.* at 359. "A proper objection generally may not raise new arguments not previously made before the magistrate judge." *Id.*

## DISCUSSION

Petitioner objects to the Report on three grounds: (1) the omission in the Report of Petitioner's judicial bias and jurisdictional claims; (2) the application of the Antiterrorism and Effective Death Penalty Act ("AEDPA") limitations period without regard to the date of receipt by Petitioner of the Appellate Division's decision denying leave to appeal the denial of his § 440.10 motion; and (3) the refusal to apply equitable tolling and the actual innocence exception. (Obj. at 1-2). The Court addresses each of these grounds *seriatim*.

---

[2] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

I.      Judicial Bias and Jurisdictional Claims

Petitioner objects on the grounds that Chief Magistrate Judge McCarthy ("Judge McCarthy") did not address the following two claims in Petitioner's Amended Petition: (1) the sentencing judge was unfairly biased against Petitioner; and (2) Petitioner's conviction was based on unlawful procedures. (Obj. at 1). Specifically, Petitioner claims his sentencing judge had a conflict of interest as he was a former District Attorney that participated in a matter with Petitioner's father. (*Id.*). Additionally, Petitioner argues that his conviction was based on an illegal search and seizure and possible fabrication of evidence. (*Id.* at 2). Petitioner takes issue with the omission of these allegations from the Report, arguing that they are separate from, and not dependent on, the timeliness issue. (Obj. at 2). Respondent argues that Judge McCarthy determined that Petitioner's Amended Petition should be dismissed as untimely, and therefore, procedural and substantive grounds for review are generally barred. (Resp. at 3).

Untimeliness operates as a procedural bar that precludes federal courts from reaching the merits of the underlying constitutional claims in habeas petitions. *See Cosey v. Lilley*, 62 F.4th 74, 77 (2d Cir. 2023) (habeas petitioner was required to establish the actual innocence exception to the one-year time limit "to have his otherwise time-barred constitutional claim heard on the merits."). An untimely petition is a "permanent and incurable" bar, *Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005), and cannot be corrected, *Villanueva v. United States*, 346 F.3d 55, 61 (2d Cir. 2003). A federal district court must first determine, as a threshold issue, whether the petitioner has complied with the procedural requirements before reviewing the merits of a state criminal judgment in a habeas proceeding. *Visich v. Walsh*, No. 10-CV-04160, 2013 WL 3388953, at *9 (S.D.N.Y. July 3, 2013). A procedural bar based on AEDPA's limitations period typically precludes merit review unless equitable tolling or other exceptions, such as actual innocence, are

4

shown. *Doe v. Menefee*, 391 F.3d 147, 159 (2d Cir. 2004). As Judge McCarthy correctly concluded, and as discussed *infra*, neither equitable tolling nor the actual innocence exception applies here. Accordingly, Judge McCarthy was correct in omitting any discussion of the merits of Petitioner's underlying constitutional claims upon concluding the Petition was untimely filed.

II.    AEDPA Limitations Period

Petitioner objects to the finding in the Report that the one-year AEDPA limitations period began to run on June 8, 2022, arguing that it should run from the date he received notice of the denial of leave to appeal in March 2023. As Judge McCarthy correctly noted, in calculating the limitations period, the relevant "triggering date is 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'" (Report at 11 (quoting 28 U.S.C. § 2244(d)(1)(A))). Petitioner had ninety days from the November 22, 2021 Court of Appeals' denial of his application for leave to appeal to seek review of that order with the United States Supreme Court. Sup. Ct. R. 13(1). Therefore, without his filing a petition for a writ of certiorari, that time expired on February 22, 2022.

The AEDPA states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In other words, "[s]ection 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000). Thus, Petitioner's filing of a motion under Criminal Procedure Law § 440.10 tolled the limitations period until the appellate court denied leave to appeal the denial of the motion. *See Saunders v. Senkowski*, 587 F.3d 543, 547 (2d Cir. 2009). In this case, on February 22, 2022, the date Petitioner's conviction

5

became final, his § 440.10 motion was still pending (Doc. 4 at 172-80; Doc. 12-23; Doc. 12-27) and therefore the AEDPA statute of limitations was tolled. It continued to be tolled when the § 440.10 motion was denied on March 8, 2022 (Doc. 12-27), and when Petitioner sought leave to appeal the denial on April 8, 2022 (Doc. 12-28). Tolling ceased when the motion was no longer pending upon the Appellate Division's denial of Petitioner's application for leave to appeal on June 8, 2022. (Doc. 12-30).

"It is well-settled that the statute of limitations under AEDPA is tolled only while the post-conviction or collateral review claim is 'pending,' and that such claim terminates when the petitioner has no further appellate remedies available to him under New York Law." *Simmons v. Brown*, No. 08-CV-01425, 2011 WL 2133844, at *7 (E.D.N.Y. May 26, 2011). The date the Appellate Division denied the application for leave to appeal the denial of Petitioner's § 440.10 motion is the date the motion ceased to be "pending" because there were no further appellate remedies available to Petitioner. *See Foster v. Phillips*, No. 03-CV-03629, 2005 WL 2978686, at *4 (S.D.N.Y. Nov. 7, 2005) ("[T]he denial of [a § 440.10] motion can be appealed only to the Appellate Division; no appeal to the New York Court of Appeals lies from an order denying a motion for leave to appeal to the Appellate Division. . . . Thus, once the Appellate Division denies leave to appeal the trial court's denial of a Section 440.10 motion, a petitioner has reached the end of the road within the state system with respect to that motion."), *adopted in part by* 2007 WL 2436202 (S.D.N.Y. Aug. 28, 2007), *aff'd*, 326 F. App'x 597 (2d Cir. 2009).

It is well settled that the date Petitioner received actual notice of the Appellate Division's decision is immaterial, as a matter of law, because the tolling period expires when the motion is decided, regardless of when Petitioner learned of the decision. *Id.*; *see also Simmons v. Brown*, No. 08-CV-01425, 2011 WL 2133844, at *7 (E.D.N.Y. May 26, 2011); *Forman v. Artuz*, 211 F.

Supp. 2d 415, 419 (S.D.N.Y. 2000); *Ramos v. Walker*, 88 F. Supp. 2d 233, 235-36 (S.D.N.Y. 2000); *Hunter v. Greiner*, No. 99-CV-04191, 2000 WL 245864, at *3 (S.D.N.Y. March 3, 2000). Accordingly, Judge McCarthy was correct in concluding that the statutory tolling period began on June 8, 2022 and ended on June 8, 2023.

III.     Equitable Tolling and Actual Innocence Exception

Petitioner asserts error in the conclusion that equitable tolling and the actual innocence exception were not applicable to his procedurally barred Petition. (Obj. at 1-3). With respect to equitable tolling, the petitioner must demonstrate: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). Petitioner cites lack of notice, ineffective appellate representation,[3] and failure of the State to ensure he received the decision in a timely and documented manner as the "extraordinary circumstances" justifying this remedy.

With respect to notice and Petitioner's allegation that he did not receive the Appellate Division's decision in a timely manner, although mailing prolonged delays could constitute extraordinary circumstances, Petitioner has not provided any corroborating evidence beyond his unsubstantiated assertion to demonstrate that the Appellate Division's June 8, 2022 Order was in fact delayed in reaching him. As thoroughly explained in the well-reasoned Report, "an uncorroborated assertion by a petitioner that he did not receive a final state decision in the prison mail is not a sufficient basis to invoke the doctrine of equitable tolling." *O'Donnell v. New York*, No. 18-CV-06414, 2021 WL 11152777, at *7 (S.D.N.Y. Nov. 18, 2021), *adopted by*, 2023 WL 3650567 (S.D.N.Y. May 25, 2023). Moreover, even if Petitioner had shown that he did not receive the Appellate Division's decision until March 2023, he cannot show that he then exercised

---

[3] Petitioner does not expand upon this argument in his objection, so it is unclear to the Court the significance, if any, of any "ineffective appellate representation" on the timeliness of this Petition.

diligence in filing the Petition, as he did not file it at any point in the three months that followed within the limitations period, instead waiting four months until July 10, 2023 to file the Petition. *See Diaz v. Kelly*, 515 F.3d 149, 155 (2d Cir. 2008) (finding diligence where petitioner filed his habeas petition one day after learning of his denial of leave to appeal); *Favourite v. Colvin*, 758 F. App'x 68, 70 (2d Cir. 2018) (finding reasonable diligence where petitioner filed his habeas petition less than a month after receiving the state court order).

To the extent Petitioner could be heard to argue that his May 9, 2023 letter should be construed as the exercise of diligence, that argument is rejected. When a motion seeking an extension of time contains allegations sufficient to support a habeas claim, a district court must first assess "whether the motion contains allegations supporting a claim for relief" as the extension request could be treated as a substantive claim for relief if such allegations are present. *Box v. Lilley*, 123 F.4th 620, 623 (2d Cir. 2024). Petitioner did not include such allegations in his May letter. Further, as Judge McCarthy reasoned, "Petitioner 'did not act with reasonable diligence when he failed to file his habeas petition . . . and when he failed to assure that his request for an extension was granted . . . [P]etitioner had no reason to assume that the statute of limitations was stayed for this period of time.'" (Report at 17 (quoting *Rush v. Lempke*, No. 09-CV-03464, 2011 WL 477807, at *8-9 (E.D.N.Y. Feb. 2, 2011), *aff'd*, 500 F. App'x 12 (2d Cir. 2012)). Accordingly, Judge McCarthy was correct in concluding that the limitations period was not equitably tolled.[4]

---

[4] The Court declines to consider new arguments raised in Petitioner's unauthorized reply, namely the applicability of the prison mailbox rule to his Petition's filing. (Reply at 1, 2). The Court notes, however, that Judge McCarthy correctly concluded that the Petition was filed on July 10, 2023, as "the prison mailbox rule does not apply to delays that implicate neither prison officials nor the mails." *Walker v. Jastremski*, 430 F.3d 560, 563 (2d Cir. 2005). Here, Petitioner made the affirmative choice to forego assistance available at his own facility and the Petition was instead mailed by Petitioner's father. Under these circumstances, where a third party outside the prison system intervenes in the mailing, the prison mailbox rule does not apply. *Knickerbocker v. Artuz*, 271 F.3d 35, 37 (2d Cir. 2001). In any event, the limitations period expired a month prior to the July 6, 2023 date written on the Petition.

With respect to the actual innocence exception, Petitioner, as Judge McCarthy pointed out in a footnote in the Report, did not assert a claim of actual innocence in the Amended Petition. (Report at 18 n.8). Nevertheless, she addressed why Petitioner would not be entitled to assert that exception and this Court agrees. Petitioner has not made "a sufficiently credible and compelling claim of innocence," *Jimenez v. Stanford*, 96 F.4th 164, 185 (2d Cir. 2024), presented "new reliable evidence," *Schlup v. Delo*, 513 U.S. 298, 324 (1995), or addressed whether a "reasonable juror would have found [P]etitioner guilty beyond a reasonable doubt," *House v. Bell*, 547 U.S. 518, 537 (2006). The record here, to the contrary, demonstrates Petitioner's statement at his sentencing hearing in the County Court: "I acknowledge my wrongdoing in this instance . . . I'm not trying to take away from the fact that I was guilty of a crime . . . ." (Doc. 12-15 at 7). There is no evidence in the record that would raise sufficient doubt about Petitioner's guilt, especially in light of his plea and statements at sentencing. Accordingly, Judge McCarthy was correct in concluding that Petitioner cannot avail himself of the actual innocence exception to avoid the AEDPA's one-year limitations period.

## CONCLUSION

For the foregoing reasons, Petitioner's objections to the Report are overruled. The Court adopts the Report in full. The Amended Petition is, accordingly, DENIED.

As Petitioner has not made a substantial showing of a denial of a constitutional right, a Certificate of Appealability shall not be issued. *See* 28 U.S.C. § 2253(c)(2); *Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 111-12 (2d Cir. 2000). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this judgment on the merits would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is respectfully directed to enter judgment in favor of Respondent and to close this case.

**SO ORDERED.**

Dated:    White Plains, New York
          May 20, 2026

PHILIP M. HALPERN
United States District Judge

10